IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **THALIA C. SANDERS, ET AL.,** | * | |
| Plaintiffs, | * | |
| v. | * | Case No.: RWT 08cv1279 |
| **LONNIECE CROSBY, ET. AL.,** | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Pending before the Court is Defendants Brenda Donald, Karyn Lynch, and Launiece[1] Crosby's Motion to Dismiss. Because Plaintiff's request for injunctive relief is moot and because Defendants Donald, Lynch, and Crosby are otherwise immune from suit in this Court, the Court will grant Defendants' Motion to Dismiss.

Plaintiff Thalia C. Sanders, proceeding pro se, is the natural mother of C.S. and J.S. In Plaintiff's Second Amended Complaint, she asserts a host of incoherent claims seemingly related to actions taken by the Prince George's County Department of Social Services in removing C.S and J.S. from her care. Plaintiff's filings are lengthy, redundant, and virtually indecipherable. However, giving her Second Amended Complaint a liberal reading, the thrust of Plaintiff's claim appears to be that the removal of C.S. and J.S. and the denial of her requests for reunification were racially motivated and violative of the Fourteenth Amendment of the United States Constitution. More specifically, Ms. Sanders repeatedly alleges that she was "racially discriminated against in the denial and delay of an involuntary placement of her children," "malfeasance . . . in the denial of federally entitled benefits" and deprivation of her rights to be

---

[1] In Plaintiff's filing, she spells Ms. Crosby's first name "Lonniece." This memorandum opinion reflects what the Court understands to be the correct spelling of Ms. Crosby's first name. See Def.'s Mot. Dismiss, ECF No. 31.

reunified with her children.  See Second Am. Compl. 1, ECF No. 29.  Ms. Sanders seeks the return of her children and monetary damages in the amount of ten million dollars.  Second Am. Compl. 24.

Plaintiff asserts her claims against the following named Defendants: Secretary Brenda Donald, former Maryland Department of Human Resources Secretary; Karyn Lynch, former Executive Director of the Prince George's County Department of Social Services; Launiece Crosby, Child Protective Services Investigator for the Prince George's County Department of Social Services; and Janet Gaines, therapist with Arrows Child and Family Ministries (for the Prince George's County Department of Social Services).  See Second Am. Compl. 1.  As a preliminary matter, Plaintiff has yet to effectuate service as to Defendant Gaines.  See ECF No. 44.  This Court has repeatedly notified Ms. Sanders of her duty to serve the Defendants,[2] yet Plaintiff failed to show good cause for her delay in serving Defendant Gaines when specifically directed to do so and has yet to serve Defendant Gaines almost a year later.  Pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 103.8.a, the Court shall therefore dismiss without prejudice the claims against Defendant Janet Gaines for failure to effect service of process within 120 days of filing the complaint.

The remaining defendants, Defendants Donald, Lynch, and Crosby (hereafter, "the Defendants") move to dismiss all claims brought against them because they are immune from suit as employees of the State of Maryland and Plaintiff fails to state a claim upon which relief may be granted.  Defs.' Mot. Dismiss 3, ECF No. 31.  Plaintiff filed a fifty-nine page response in opposition to Defendant's Motion to Dismiss together with an additional 195 pages of exhibits.

---

[2] See ECF Nos. 26 and 37; See also Sanders v. Prince George's Public School System, et al., RWT 08-501, ECF Nos. 16 and 19.

See ECF No. 36. Despite the length of her filing, Plaintiff merely reiterates the contents of her complaint and fails to meaningfully address the arguments set forth by Defendants.[3]

On February 3, 2011, Ms. Sanders filed a "motion to oppose dismissal" in another case before this Court in which she disclosed that minor child J.S. had been returned to her care and C.S. "did not want to come home or interact with [her] mother." See Sanders v. Prince George's Public School System, et al., RWT 08-501, ECF No. 54, p. 3. Ms. Sanders' request for the return of her children is therefore moot. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990) (the "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate."). However, Plaintiff's claim for damages for the alleged wrongs in the past is not moot. That claim is analyzed below.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Plaintiff's claim for damages against Defendants in their official capacities is barred. Under the Eleventh Amendment, "nonconsenting States may not be sued by private individuals in federal court." Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001); see also Virginia v. Reinhard, 568 F.3d 110, 115 (4th Cir. 2009) (same). Although the State of Maryland

---

[3] Plaintiff also dedicates a large portion of her response in opposition to Defendants' Motion to Dismiss to repetitive arguments relating to her Motion for Default Judgment. The Court denied Plaintiff's Motion for Default Judgment by Memorandum Opinion dated May 18, 2010. See ECF No. 37.

has waived its sovereign immunity for certain types of actions brought in state court pursuant to the Maryland Tort Claims Act, *see* Md. Code Ann., State Gov't § 12-104, it has not waived its Eleventh Amendment immunity for actions brought in federal Court. See Md. Code Ann., State Gov't § 12-103(2); See also Hayat v. Fairely, No. WMN-08-3029, 2009 WL 2426011, at *7-8 (D. Md. Aug. 5, 2009); Dixon v. Balt. City Police Dep't, 345 F. Supp. 2d 512, 513 (D. Md. 2003).

That Eleventh Amendment immunity extends to Defendants Secretary Brenda Donald, Karyn Lynch, and Launiece Crosby because they were all state personnel acting in their official capacities during the events in question. Eleventh Amendment "immunity applies to . . . state employees acting within their official capacity." Harter v. Vernon, 101 F.3d 334, 337 (4th Cir. 1996) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)). It is clearly established in this circuit that, as the Maryland Department of Human Resources Secretary and as employees of the Prince George's County Department of Social Services, the Defendants are state personnel for purposes of Eleventh Amendment analysis. See e.g., Keller v. Prince George's County, 923 F.2d 30, 32 (4th Cir. 1991) (holding that the Prince George's County Department of Social Services is a state agency and therefore immune from suit); see also Shell v. Wall, 808 F. Supp. 481, 485 (W.D.N.C. 1992) (concluding that the Iredell County Department of Social Services is an arm of the state and that, therefore, the individual Defendants employed by the department are state officials). Thus, to the extent the Defendants were acting within their official capacities in rendering decisions related to the removal and subsequent placement of C.S. and J.S., they are protected by the Eleventh Amendment immunity and cannot be held liable on

Plaintiff's claim for damages.[4]

Even if Plaintiff's claims were not barred, her Second Amended Complaint would be unavailing on other grounds. As Defendants Donald, Lynch, and Crosby note, the Complaint is virtually devoid of factual allegations and instead relies on conclusive assertions. For example, Plaintiff claims that Defendants "racially discriminated against the minor plaintiffs in the denial and delay of placement and discriminated against the Plaintiffs in respect of the minor plaintiff to access parent and federally entitled benefits . . ." Second Am. Compl. 6. Plaintiff's sole support for this bald assertion appears to be her belief that "[a]nybody that wrenches a child from their home is racist." Second Am. Compl. 8. In short, even giving Plaintiff's Second Amended Complaint a liberal reading, it does not contain the "factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Thus, Defendants Donald, Lynch, and Crosby are entitled to dismissal of all claims.

The Court, by separate Order, will therefore grant Defendants Donald, Lynch, and Crosby's Motion to Dismiss and dismiss with prejudice all claims against Defendants Donald, Lynch, and Crosby. Pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 103.8.a, the Court will also dismiss without prejudice the claims against Defendant Gaines for failure to effect service of process within 120 days of filing the complaint.

February 28, 2011             /s/
                                              Roger W. Titus
                                              United States District Judge

---

[4] Although the Eleventh Amendment does not preclude suit for injunctive relief against state officials sued in their official capacities, see Kentucky v. Graham, 473 U.S. 159, 169-70 (1985), the only injunctive relief requested by Plaintiff is now moot. Further, Plaintiff has not alleged a policy or custom that would warrant injunctive relief, see City of St. Louis v. Praprotnik, 485 U.S. 112, 121-22 (1988), but rather seeks monetary damages based on an isolated incident.